FILED

14 JAN 16  PM 2: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*06*
DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES FUENTES-JARDON, | CASE NOS. 12-CV-2443-BEN/ 12-CR-1564-BEN-1 |
| Petitioner, | |
| vs. | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | |
| Respondent. | [Criminal Docket Nos. 26, 28, 31/Civil Docket No. 1, 2] |

Before this Court are a series of Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed by Petitioner Andres Fuentes-Jardon. (Docket Nos. 26, 28, 31).  For the reasons stated below, Petitioner's Motions are **DENIED**.

## I. Background

Petitioner, a Mexican citizen, was discovered by a Border Patrol Agent inside the United States on April 1, 2012. (Plea Ag. ¶ I).  Petitioner did not have permission from the Attorney General, or his designated successor, the Secretary of the Department of Homeland Security, to be in the United States. (*Id.*)  Petitioner had a prior felony conviction for robbery, and had been deported from the United States on November 17, 2010. (*Id.* ¶ 2(B)).  Petitioner was arraigned on an Information charging him with a violation of 8 U.S.C. § 1326 on April 24, 2012. (Docket No. 7).

1   Petitioner signed a plea agreement with the Government on May 9, 2012. (Plea
2   Ag. at 12). Petitioner agreed to plead guilty to the Information. (*Id.* ¶ I). The parties
3   agreed to reduction in his offense level for acceptance of responsibility and acceptance
4   of a fast-track plea agreement. (*Id.* ¶ X). The Government also agreed to recommend
5   that Petitioner be sentenced to the low end of the sentencing guidelines. (*Id.* ¶ X(F)).

6   Petitioner entered a plea of guilty before Magistrate Judge Ruben B. Brooks on
7   May 31, 2012, and the plea was accepted by this Court on June 22, 2012. On
8   September 4, 2012, this Court sentenced Petitioner to 37 months in custody. On
9   October 5, 2012, Petitioner filed his first Motion to Vacate, Set Aside, or Correct
10   Sentence Pursuant to 28 U.S.C. § 2255. (Docket No. 26). He submitted supplemental
11   § 2255 motions on November 5, 2012 and March 11, 2013. (Docket Nos. 28, 31).

12   In his original Motion, Petitioner asks that this Court reduce his sentence
13   because his deportable alien status prevents him from being housed at certain facilities,
14   and because his alien status deprives him of certain benefits and privileges. (Mot.) In
15   his November 5, 2012 motion, Petitioner asks that this Court modify his sentence
16   because his daughters need him, he came to the United States because they are U.S.
17   citizens, and he does not want to deny their rights by taking them to Mexico. (Am.
18   Mot.)  In his March 11, 2013 motion, Petitioner argues that he was improperly
19   sentenced because it was a civil case, and because the guidelines calculations
20   improperly considered a conviction more than ten years old. (Second Am. Motion at
21   5). Petitioner also asserted in his second amended motion that his attorney should have
22   paid attention to the fact that the prior case was more than 12 years old. (*Id.*) Finally,
23   the second amended motion argues that his sentence was "too long." (*Id.*) Although
24   Petitioner's argument is difficult to read, he appears to base this on his earlier
25   arguments and the fact that the sentencing table is not mandatory. (*Id.*)

26   **II. Legal Standard**

27   A district court may "vacate, set aside or correct" a sentence of a federal prisoner
28   that was imposed in violation of the Constitution or a law of the United States.  28

1  U.S.C. § 2255(a).  A district court must hold an evidentiary hearing before denying a
2  § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief.
3  28 U.S.C. § 2255(b).  However, if it is clear the petitioner has failed to state a claim,
4  or has "no more than conclusory allegations, unsupported by facts and refuted by the
5  record," a district court may deny a § 2255 motion without an evidentiary hearing.
6  *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

7  **III. Discussion**

8          A.  Petitioner Waived His Right to Collateral Attack

9          Review of the record in this matter reveals that most of Petitioner's claims are
10 barred by his valid waiver of his collateral attack rights.

11         As part of the plea agreement, Petitioner agreed to waive his right to collaterally
12 attack his sentence.  (Plea Ag. ¶ XI).  The Ninth Circuit has upheld the validity of
13 waivers of the right to collateral attack a sentence pursuant to § 2255.  *United States*
14 *v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993).  Waivers
15 in plea bargaining are "an important component of this country's criminal justice
16 system."  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citation
17 omitted) (in the context of a waiver of right to appeal).  The Ninth Circuit has held that
18 public policy strongly supports plea agreements.  *Id.*  Plea bargaining saves the state
19 time and money, allowing it to promptly impose punishment without expending
20 resources.  *Id.* at 322 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)).
21 Additionally, and "perhaps the most important benefit of plea bargaining, is the finality
22 that results."  *Id.* at 322.

23         The right of collateral attack in a criminal case is purely statutory.  *Abarca*, 985
24 F.2d at 1014.  A waiver of the right to collateral attack will be upheld where it was
25 "knowing and voluntary."  *Id.*  A knowing and voluntary waiver is enforceable where
26 the language of the waiver encompasses the grounds raised.  *See Patterson-Romo v.*
27 *United States*, No. 10-cr-3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal.
28 June 7, 2012); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation

1 | omitted) (discussing the right to appeal).

2 |         1. Knowing and Voluntary

3 |     The waiver of a statutory right to challenge a conviction or sentence is knowing
4 | and voluntary if the plea agreement as a whole was knowing and voluntary. *See United*
5 | *States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005) (discussing the right to appeal)
6 | (overruled on other grounds); *United States v. Portillo-Cano*, 192 F.3d 1246, 1250
7 | (9th Cir. 1999) ("waivers of appeal must stand or fall with the agreement of which they
8 | are a part") (internal quotations and citations omitted). A waiver will be considered
9 | knowing and voluntary where the plea colloquy satisfies Rule 11, and the record
10 | reveals no misrepresentation or gross mischaracterization by counsel that tainted the
11 | plea. *See United States v. Sepulveda-Iribe,* 197 Fed. Appx. 592, 592 (9th Cir. 2006)
12 | (citing *Jeronimo*, 398 F.3d at 1157 n.5) (discussing right to appeal). After a careful
13 | review of the written plea agreement, the Rule 11 plea colloquy, and the entire record
14 | in this matter, this Court finds that the plea and the waiver were knowing and
15 | voluntary.

16 |         *a. Review of the Record*

17 |     The plea agreement conferred significant benefits on Petitioner. Although he
18 | faced a maximum sentence of 20 years for his offense, the agreement lead the
19 | Government to recommend a 37-month sentence which this Court ultimately agreed to
20 | impose. (Plea Ag. ¶¶ III, X).

21 |     In the agreement, Petitioner agreed to a paragraph entitled "Defendant Waives
22 | Appeal and Collateral Attack." (*Id.* ¶ XI). In relevant part:

23 |     In exchange for the Government's concessions in this plea agreement, defendant waives, to the fullest extent of the law, any right to appeal or to
24 | collaterally attack the guilty plea, conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of
25 | counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this
26 | agreement at the time of sentencing.

27 | (*Id.*) This Court did not impose a custodial sentence above the high end of the
28 | guideline range.

By signing the plea agreement, Petitioner agreed to a section entitled "Defendant's Representation That Guilty Plea is Knowing and Voluntary." (Plea Ag. ¶ VI). Among other things, the section stated that: (A) he had full opportunity to discuss all the facts and circumstances of the case with counsel and had a clear understanding of the charges and consequences of the plea, (B) no one had made any promises or offered any rewards for pleading guilty except for those in the agreement or disclosed to the court, (C) that no one threatened Petitioner or his family, and (D) that Petitioner was pleading guilty only because he was guilty. (*Id.*) Petitioner also certified that he had read the agreement or had it read to him in his native language, had discussed the terms with defense counsel, and "fully understands its meaning and effect." (*Id.* ¶ XV). He further asserted that he had consulted with counsel and was satisfied with counsel's representation. (*Id.* ¶ XVI). Petitioner signed the agreement, and initialed every page.

The Court also reviewed the transcript of Petitioner's Change of Plea Hearing before Magistrate Judge Ruben B. Brooks. (Change of Plea Hearing Tr.) Petitioner appeared with the assistance of counsel and an interpreter. Petitioner was informed about the rights he was giving up by pleading guilty, and stated that he understood. (*Id.* at 3:22-4:21). The Magistrate Judge explained, and Petitioner stated that he understood, the charge, (*id.* at 4:25-5:18), the maximum penalties, (*id.* at 5:20-7:1), the likely deportation consequences, (*id.* at 7:18-8:2), and the role of the sentencing guidelines, (*id.* at 8:4-14). He stated that he had discussed the guidelines with his attorney. (*Id.* at 8:6-9). The Magistrate Judge also specifically inquired about the plea agreement. Petitioner stated to the Magistrate Judge that he recalled signing and initialing the agreement, that he had a chance to read it or have it translated for him, that he had a chance to go over it with his attorney, and that he had no questions about it. (*Id.* at 9:1-17). The Magistrate Judge highlighted the waiver provision, and Petitioner stated that he agreed to the provision. (*Id.* at 9:18-24). Petitioner's counsel also affirmed to the Magistrate Judge that he had discussed the agreement with Petitioner prior to the

1  hearing, including the waiver provision, and believed that his client understood the
2  entire agreement. (*Id.* at 9:25-10:8). Petitioner's counsel and the Magistrate Judge
3  stated the factual basis, and Petitioner admitted to the relevant facts. (*Id.* at 11:19-
4  12:11). Petitioner's counsel also stated that the plea was made voluntarily and with his
5  concurrence. (*Id.* at 12:15-17). The Magistrate Judge specifically found that his plea
6  was "made knowingly and voluntarily, with a full understanding of the charge, your
7  rights, and the consequences." (*Id.* at 13:8-11). The Magistrate Judge found that there
8  was a factual basis, and recommended that this Court accept the plea. (*Id.* at 13:11-13).

9      Additionally, when Petitioner appeared before this Court for sentencing, he
10  reaffirmed that he was guilty. (Sent Hearing Tr. at 2:23-25). Petitioner and his counsel
11  both acknowledged that Petitioner had waived his right to appeal and collateral attack.
12  (*Id.* at 4:23-25).

13      Since the Rule 11 colloquy was proper, the waiver will be considered proper if
14  there is no misrepresentation or gross mischaracterization by counsel. *See Sepulveda-*
15  *Iribe,* 197 Fed. Appx. at 592.

16                 *b. Petitioner's Allegation of Ineffective Assistance of Counsel*

17      In his Second Amended Motion, Petitioner appears to allege that counsel was
18  ineffective while Petitioner was considering the agreement. (Second Am. Mot. at 5).
19  Petitioner states that his lawyer did not try to help him, and entrapped him into agreeing
20  to the plea. (*Id.*)

21      Petitioner's only "supporting facts" for this allegation are that if the lawyer paid
22  any attention to the case, he would have noticed that Petitioner's prior case was more
23  than 12 years old, and would have changed the guideline calculations. (*Id.*) However,
24  review of the plea agreement indicates that the agreement itself did not agree to any
25  adjustment or increase in the offense level with regard to prior convictions, and did not
26  agree on criminal history. Petitioner's prior convictions were considered at sentencing,
27  but Petitioner's claim that counsel should have done something about the impact of the
28  old conviction does not affect the plea agreement. Even if Petitioner were correct on

1    the merits of his claim regarding the prior conviction, which he is not, as discussed
2    below, any failure of counsel would not relate to the plea agreement.

3          Although Petitioner generally alleges that he was not helped and that he was
4    entrapped into signing, he provides no supporting factual allegations for this claim.
5    There is no allegation that anything pertaining to the plea agreement or its
6    consequences was mischaracterized or misrepresented to him, that any threats were
7    made, or even that counsel improperly recommended a plea agreement that did not
8    benefit Petitioner.  Conclusory allegations which are not supported by a statement of
9    specific facts do not warrant habeas relief.  *James v. Borg*, 24 F.3d 20, 26 (9th Cir.
10   1994).  As such, Petitioner fails to make a claim of ineffective assistance of counsel
11   that calls the voluntariness of his waiver into question.

12                          *c. Conclusion*

13         After full consideration of the briefing and the record in this matter, this Court
14   concludes that the waiver of collateral attack rights was knowing and voluntary.

15               2. Scope of the Waiver

16         Petitioner's claims are waived if they come within the scope of the provision.
17   Plea agreements are contractual in nature and are measured by contractual standards.
18   *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.), *cert. denied,* 531 U.S. 1057
19   (2000).  In interpreting a plea agreement, a court looks to what the parties reasonably
20   understood to be the terms of the agreement.  *See United States v. Torres*, 999 F.2d
21   376, 378 (9th Cir. 1993) (citation omitted).

22         The waiver at issue is broad, and purports to cover all collateral attacks related
23   to the guilty plea, conviction, and sentence, except for claims of ineffective assistance
24   of counsel.  As such, it covers Petitioner's challenges to the sentence imposed by this
25   Court, including claims that his sentence should have been shorter because he is a
26   deportable alien, that it should be modified because he has to take care of his family
27   and came to the United States to see them, that his prior conviction was improperly
28   considered, that his conviction was a civil matter, and that his sentence was "too long."

1
### 3. Conclusion

2      Petitioner's waiver of his right to collaterally attack his sentence pursuant to
3   § 2255 was knowing and voluntary, and the scope of waiver provision encompasses
4   most of his claims.  However, the waiver provision excludes claims of ineffective
5   assistance of counsel.  As such, it does not cover Petitioner's claim that counsel was
6   ineffective in addressing the prior conviction.  This claim must be addressed on its
7   merits.

8
### B. Petitioner's Claim of Ineffective Assistance of Counsel

9      Petitioner's claim of ineffective assistance of counsel was raised in his third
10   motion.  Although difficult to read at times, Petitioner accuses counsel of not trying to
11   help him, and attempting to entrap him into agreeing to a plea. (Second Am. Mot. at
12   5).  The sufficiency of his claim with respect to the guilty plea and plea agreement is
13   discussed above.

14      Petitioner also argues that if his counsel had paid attention to the case, he would
15   have noticed that one of his prior convictions is more than 12 years old, and would
16   have changed the calculation of the sentencing guideline range. (*Id.*).

17      Petitioner appears to be referring to the way that one of his prior convictions was
18   considered in calculating the sentencing guidelines. (*See* Second Am. Mot. at 2).
19   However, although Petitioner *committed* the propr crime more than 10 years before
20   committing the federal offense that brought him before this Court, Petitioner was not
21   *convicted* of that offense until May 28, 2003, which was within ten years of the federal
22   offense.    (Pre-Sentence Report).    The sentencing guidelines take into account
23   "sentences imposed within 10 years" of the commission of the instant offense.
24   U.S.S.G. § 4A1.2(e)(2).    As the sentence was imposed within 10 years of the
25   commission of the § 1326 violation, it was appropriate to consider the conviction in the
26   guidelines calculations.

27      As it was proper for the Court to consider the conviction in question in
28   calculating the sentencing guidelines range, it was not ineffective for counsel to fail to

1  raise a meritless objection. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir.
2  2008) (trial counsel is not ineffective for failing to raise a meritless objection).

3         To the extent Petitioner sought to generally allege that counsel failed to help
4  Petitioner in other ways, this allegation alone does not provide sufficient factual
5  support to warrant habeas relief. *See James*, 24 F.3d at 26.

6         C. Petitioner Fails to State a Claim Based on the Privileges and Benefits Denied
7         to Him by His Alien Status

8         As discussed above, Petitioner's claim is waived.

9         To the extent that Petitioner also seeks to challenge the manner, location, or
10  conditions of the sentence's execution, such claims generally must be brought pursuant
11  to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

12         D.  Petitioner Fails to State a Claim Based on His Family Situation

13         Petitioner has waived his claim that this Court should have imposed a lower
14  sentence.  However, this claim would fail even if the waiver were invalid.

15         Petitioner's comments regarding his family situation do not suggest that there is
16  any legal reason why his sentence is improper.  A petitioner's request for a reduction
17  in sentence based on his family situation is not a ground for habeas relief in a § 2255
18  motion.  *Infante-Razo v. United States*, CV-F-05-1449, CR-F-05-166, 2008 WL
19  2704987, at *2 (E.D. Cal. July 10, 2008).  This Court also heard Petitioner's request
20  that this Court consider his family situation at sentencing, and considered it in
21  imposing the sentence that this Court found to be appropriate.  (Sent Hearing Tr. at
22  2:23-3:25; 4:8-10).

23         E.  Petitioner Was Sentenced For a Criminal Offense

24         Petitioner's waiver of his collateral attack rights precludes his claim that he was
25  improperly sentenced for a civil matter. (*See* Second Am. Mot. at 4,5).  However, his
26  claim also fails on the merits.  Violation of 8 U.S.C. § 1326 is a federal crime, and not
27  a civil matter.  Indeed, as Petitioner had a prior aggravated felony, the statute explicitly
28  authorized "criminal penalties," including a fine and up to 20 years in prison.  8 U.S.C.

1  § 1326(b).

2      F. Petitioner Fails to State a Claim Based on His Contention That the Sentence

3      Was "Too Long"

4      Petitioner's claim that his sentence was too long is precluded by his waiver of

5  collateral attack rights.  It also fails on the merits.

6      In arguing that his sentence was "too long," Petitioner points to the fact that the

7  sentencing guidelines are not mandatory.  (Second Am. Mot. at 5).   To the extent

8  Petitioner is asking this Court to exercise its discretion to deviate from the

9  recommendation of the sentencing guidelines, this Court was fully aware of its power

10 to do so at sentencing.  Although this Court calculated the sentencing guideline range,

11 it also considered all of the sentencing factors found in 18 U.S.C. § 3553(a).  (Sent.

12 Hearing Tr. 4:1-10).  The Court specifically found that 37 months, which was at the

13 bottom of the sentencing guideline range of 37 to 46 months, was "sufficient, but not

14 greater than necessary."  (Sent. Hearing Tr. 4:7-10).  The Court therefore considered

15 whether 37 months might be greater than necessary, and determined that it was not.

16 Although Petitioner might believe that it would be appropriate for this Court to impose

17 a shorter sentence, this Court has already exercised its discretion in determining

18 Petitioner's sentence.  To the extent Petitioner's claim that the sentence was too long

19 was based upon the other arguments he made in his motions, those arguments have

20 been addressed.

21 **IV. Evidentiary Hearing**

22     Unless the motion and the records of a case conclusively show that the prisoner

23 is entitled to no relief, a court is required to grant a hearing.  28 U.S.C. § 2255(b).

24 However, where the record demonstrates that a petitioner has failed to state a claim, a

25 district court may deny a § 2255 motion without an evidentiary hearing.  *Quan*, 789

26 F.2d at 715.  Given the foregoing discussion, this Court finds that Petitioner cannot

27 succeed upon his claims, and holding an evidentiary hearing or seeking additional

28 briefing would serve no purpose.

12cv2443/12cr1564

## V. Conclusion

In accordance with the conclusions set forth above, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence are **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: January *16* 2014

HON. ROGER T. BENITEZ
United States District Judge